UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON,
AT SEATTLE

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, | Cause No. 2:23-cv-00126 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| vs. | |
| EDWARD S. IM AND SARAH IM, husband and wife; and LAURA TORRES, an individual, | |
| Defendants. | |

## I. PARTIES

1.1    Plaintiff Safeco Insurance Company of America ("Safeco") is a foreign insurance company licensed to conduct business in the state of Washington. Safeco is organized under the laws of and has its principal place of business in New Hampshire.

1.2    Defendants Edward S. Im and Sarah Im are husband and wife who are citizens of the state of Washington.

1.3    Defendant Laura Torres is an individual who is a citizen of the state of Washington.

COMPLAINT FOR DECLARATORY JUDGMENT – 1
USDC WD WA/SEA CAUSE NO. 2:23-cv-00126

4869-9508-2558, v. 1

## II. JURISDICTION AND VENUE

2.1.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.2    Venue is proper in this Court under 28 U.S.C. § 1391 because the defendants reside in and a substantial number of the events or omissions giving rise to the claims occurred in the Western District of Washington.

2.3    This Court has the authority to determine the parties' respective rights and other legal obligations pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. The dispute between the parties creates a justiciable controversy.

## III. FACTS

**A.  The Torres Lawsuit**

3.1    On or about June 21, 2021, Laura Torres ("Torres") filed a lawsuit against Im Ghorbanian, Kahlon DDS, PLLC. Edward S. Im and Sarah Im in King County Superior Court, case number 22-2-09318-8 SEA ("Lawsuit"). A true and correct copy of the Complaint in the Lawsuit is attached as Exhibit A.

3.2    Torres alleged that she had been wrongfully terminated from her position as manager of the North Bend office of Sunrise Dental, asserting claims for gender discrimination, disability discrimination, failure to accommodate, retaliation and wrongful termination.

3.3    Defense of Edward and Sarah Im was tendered to Safeco.

3.4    Safeco accepted the tender of defense and is providing Edward and Sarah Im with a defense in the Lawsuit under a full reservation of rights. A true and correct copy of the reservation of rights letter sent by Safeco is attached as Exhibit B.

COMPLAINT FOR DECLARATORY JUDGMENT – 2
USDC WD WA/SEA CAUSE NO. 2:23-cv-00126

4869-9508-2558, v. 1

**B. The Homeowners Policy**

3.5     Safeco issued Homeowners Policy number OH1993784 ("Homeowners Policy") to Edward and Sarah Im, in effect from January 3, 2020 to January 3, 2021 and January 3, 2021 to January 3, 2022. The policy includes Personal Liability coverage with limits of $500,000 per occurrence. The policy also includes Personal Offense Coverage Endorsement HOM-7350/EP 11/14 with aggregate limits of $500,000.

3.6     The Personal Liability Coverage in the Homeowners Policy contains the following insuring agreement:

> **LIABILITY LOSSES WE COVER**
> **COVERAGE E — PERSONAL LIABILITY**
>
> If a claim is made or a suit is brought against any insured for damages because of ***bodily injury*** or ***property damage*** caused by an ***occurrence*** to which this coverage applies, we will:
>
> **1.**     pay up to our limit of liability for the damages for which the insured is legally liable; and
>
> **2.**     provide a defense at our expense by counsel of our choice even if the allegations are groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the ***occurrence*** equals our limit of liability.

3.7     The Homeowners Policy contains the following pertinent definitions:

> **b.**     "***Bodily injury***" means bodily harm, sickness or disease, including required care, loss of services and death resulting therefrom.
>
> \* \* \*
>
> **c.**     "***Business***" means a trade, profession or occupation engaged in on a full-time, part-time or occasional basis, or any other activity, including civic or public, engaged in for money or other compensation, except for the following:
>
> **(1)**     One or more activities, not described in (2) below, for which no insured receives more than $3,000 in total

COMPLAINT FOR DECLARATORY JUDGMENT – 3
USDC WD WA/SEA CAUSE NO. 2:23-cv-00126

4869-9508-2558, v. 1

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

compensation for the 12 months before the beginning of the policy period; and

**(2)**     volunteer activities for which no money or other compensation is received other than for expenses incurred to perform the activity.

\* \* \*

**i.**     "***Occurrence***" means an accident, including exposure to conditions which results in:

**(1)**     ***bodily injury***; or

**(2)**     ***property damage***;

during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one ***occurrence***.

\* \* \*

**l.**     "***Property damage***" means physical damage to or destruction of tangible property, including loss of use of this property.

3.8     The Personal Liability Coverage contains the following pertinent exclusions:

**LIABILITY LOSSES WE DO NOT COVER**

**1.**     Coverage E — Personal Liability and Coverage F — Medical Payments to Others do not apply to bodily injury or property damage:

**a.**     which is expected or intended by any insured or which is the foreseeable result of an act or omission intended by any insured;

This exclusion applies even if:

**(1)**     such bodily injury or property damage is of a different kind or degree than expected or intended; or

**(2)**     such bodily injury or property damage is sustained by a different person, or persons, than expected or intended.

This exclusion does not apply to bodily injury resulting from the use of reasonable force by any insured to protect persons or property.

\* \* \*

**c.**     arising out of ***business*** pursuits of any insured.

COMPLAINT FOR DECLARATORY JUDGMENT – 4
USDC WD WA/SEA CAUSE NO. 2:23-cv-00126

4869-9508-2558, v. 1

This exclusion does not apply to:

**(1)**    activities which are ordinarily incident to non-***business*** pursuits;

**(2)**    the occasional or part-time ***business*** pursuits of any ***insured*** who is under 23 years of age;

**(3)**    the rental or holding for rental of an insured location:

**(a)**    on an occasional basis for the exclusive use as a residence;

**(b)**    in part, unless intended for use as a residence by more than two roomers or boarders; or

**(c)**    in part, as an office, school, studio or private garage;

\* \* \*

**2.**    Coverage E — Personal Liability does not apply to:

**a.**    Liability:

**(2)**    under any contract or agreement. However, this does not apply to written contracts:

**(a)**    that directly relate to the ownership, maintenance or use of an insured location; or

**(b)**    where the liability of others is assumed by the insured prior to an occurrence; unless excluded in 2.a.(1) above or elsewhere in this policy.

\* \* \*

**d.**    ***bodily injury*** to any person eligible to receive any benefits required to be provided or voluntarily provided by any ***insured*** under:

**(1)** any workers compensation;

**(2)** non-occupational disability; or

**(3)** occupational disease law;

COMPLAINT FOR DECLARATORY JUDGMENT – 5
USDC WD WA/SEA CAUSE NO. 2:23-cv-00126

4869-9508-2558, v. 1

Soha & Lang, P.S.
Attorneys at Law
1325 Fourth Avenue, Ste 2000
Seattle, Washington 98101
(206) 624-1800/Fax (206) 624-3585

3.9    The Homeowners Policy includes Endorsement HOM-7530/EP 11/14, which adds Personal Offense coverage. The insuring agreement of the Personal Offense coverage states:

> **SECTION II — LIABILITY COVERAGES**
> **LIABILITY LOSSES WE COVER**
> **COVERAGE E — PERSONAL LIABILITY**
>
> The following is added:
>
> ***Personal Offense* Coverage**
>
> If a claim is made or suit is brought against an ***insured*** for damages resulting from an offense defined under ***personal offense*** and to which this coverage applies, we will:
>
> **1.**    pay up to the ***annual aggregate limit*** for damages for which an ***insured*** is legally liable; and
>
> **2.**    provide a defense at our expense by counsel of our choice, even if the allegations are groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our ***annual aggregate limit*** has been exhausted by payment of judgments or settlements.

3.10    The Endorsement defines "personal offense" as:

> To the extent coverage is provided by this endorsement, the following are added to item **3.**
>
> "***Personal offense***" means injury arising out of one or more of the following offenses:
>
> **(1)**    false arrest, detention or imprisonment;
>
> **(2)**    malicious prosecution;
>
> **(3)**    wrongful eviction or wrongful entry;
>
> **(4)**    oral or written publication, in any manner, of material that slanders, libels or defames the character of a person, which occurs in any manner; or
>
> **(5)**    invasion of privacy, which occurs in any manner.

3.11    The Personal Offense coverage is subject to the following exclusions:

> **SECTION II — LIABILITY COVERAGES**

COMPLAINT FOR DECLARATORY JUDGMENT – 6
USDC WD WA/SEA CAUSE NO. 2:23-cv-00126

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/Fax (206) 624-3585

4869-9508-2558, v. 1

**LIABILITY LOSSES WE DO NOT COVER**
**COVERAGE E — PERSONAL LIABILITY**

To the extent coverage is provided by this endorsement, coverage does not apply to personal offense:

    **a.**    caused by or at the direction of an insured with the knowledge that the act would violate the rights of another and would be a personal offense;

* * *

    **f.**    sustained by any person as a result of an offense directly or indirectly related to the employment of this person by an insured;

    **g.**    arising out of or in connection with a ***business*** conducted by an ***insured***;

This exclusion does not apply to:

    **(1)**    the rental or holding for rental of an ***insured location***;

        **(a)**    on an occasional basis for the exclusive use only as a residence;

        **(b)**    in part, unless intended as a residence by more than two roomers or boarders; or

        **(c)**    in part, as an office, school, studio or private garage; and

    **(2)**    the occasional or part-time ***business*** pursuits of any ***insured*** who is under 23 years of age;

## C.  The Personal Umbrella Policy

3.12    Safeco issued Personal Umbrella Policy number UH1810002 to Edward and Sarah Im in effect from January 4, 2020 to January 4, 2021 and January 4, 2021 to January 4, 2022, with limits of $2,000,000 per occurrence and an aggregate limit of $2,000,000. The Schedule of Underlying Policies for the Personal Umbrella policy includes the Homeowners Policy.

3.13    The insuring agreement of the Personal Umbrella Policy states:

COMPLAINT FOR DECLARATORY JUDGMENT – 7
USDC WD WA/SEA CAUSE NO. 2:23-cv-00126

4869-9508-2558, v. 1

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

We agree to provide the insurance described in this policy in return for the payment of all premiums and subject to the terms, conditions and limitations of this policy. The limit of our liability and the premiums are shown in the Declarations, which is a part of this policy.

* * *

**PERSONAL LIABILITY**

We will pay the **ultimate net loss** in excess of the retained limit that the **insured** is legally responsible for because of covered **bodily injury, personal injury** or **property damage** caused by an **occurrence**.

**DEFENSE COVERAGE**

When a claim covered by this policy is made against any **insured**, and such claim is not covered by the **insured's underlying insurance** stated in the Declarations or by any other **underlying insurance** available to the **insured**, we will, subject to the **retained limits**, defend any suit against any **insured** even if it is groundless or fraudulent. And we will investigate, negotiate and settle on behalf of the any claim or suit as we deem appropriate.

3.14    The Personal Umbrella Policy contains the following pertinent definitions:

**3.**    **"Bodily injury"** means bodily harm, sickness or disease including resulting required care, loss of services and death.

* * *

**4.**    **"Business"** means:

**(a)**    a trade, profession or occupation engaged in on a full-time, part-time or occasional basis; or

**(b)**    any other activity engaged in for money or other compensation other than reimbursement for expenses incurred to perform the activity.

* * *

**9.**    **"Occurrence"** means:

**a.**    an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the coverage period in:

**(1)**    **bodily injury;** or

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

(2)      **property damage.**

b.      an offense, committed during the coverage period, which results in **personal injury.**

\* \* \*

10.      **"Personal injury"** means injury arising out of one or more of the following offenses:

a.      false arrest, detention or imprisonment, or malicious prosecution;

b.      libel, slander or defamation of character; or

c.      invasion of privacy, wrongful eviction or wrongful entry.

\* \* \*

13.      **"Property damage"** means physical injury or destruction of tangible property including loss of its use.

\* \* \*

16.      **"Retained Limit"** means either:

a.      the limit of liability specified in the Schedule of Underlying Insurance of the Declarations for each underlying policy, plus the limit of any other underlying insurance collectible by the **insured;** or

b.      the amount shown under **retained limit** in the Declarations, as the result of an **occurrence** not covered by underlying policies of insurance.

17.      **"Underlying insurance"** means insurance policies providing the **insured** with primary liability coverage meeting or exceeding the required minimum limits. The types of policies and the required minimum liability limits are listed in the policy Declarations.

18.           a.      **"Ultimate net loss"** means the amount paid or payable in settlement of the loss for which any **insured** is held liable by:

(1)      court judgment; or

(2)      compromise involving our written consent.

All recoveries and collected will be deducted from this amount.

b.      **"Ultimate net loss"** does not include:

(1)      legal expenses (such as attorney's fees and court costs);

COMPLAINT FOR DECLARATORY JUDGMENT – 9
USDC WD WA/SEA CAUSE NO. 2:23-cv-00126

Soha & Lang, P.S.
Attorneys at Law
1325 Fourth Avenue, Ste 2000
Seattle, Washington 98101
(206) 624-1800/Fax (206) 624-3585

4869-9508-2558, v. 1

    (2) salaries of employees; or

    (3) office expenses incurred by any insured, us, or any underlying carrier.

3.15 The Personal Umbrella Policy coverage is subject to the following exclusions:

This policy does not apply to any:

**2.** **personal injury:**

  a. caused by or at the direction of an **insured** with the knowledge that the act would violate the rights of another and would inflict **personal injury**.

**3.** **bodily injury** or **property damage** arising out of any act or damage which is expected or intended by any **insured**, or which is the foreseeable result of an act or omission intended by any **insured**, which causes **bodily injury** or **property damage**.

This exclusion applies even if:

  a. such bodily injury or property damage is of a different kind or degree than expected or intended;

  b. such bodily injury or property damage is sustained by a different person, persons or property than expected or intended

This exclusion does not apply to bodily injury resulting from a reasonable action by any insured in preventing or eliminating danger in the operation of vehicles or aircraft or protecting persons or property.

* * *

**5.** **bodily injury, personal injury or property damage:**

* * *

  b. arising out of:

    (1) any **business** pursuits or **business** property of any **insured**, except for:

      (a) the **business** use of a private passenger automobile or owned watercraft, unless used as a public or livery conveyance.

COMPLAINT FOR DECLARATORY JUDGMENT – 10
USDC WD WA/SEA CAUSE NO. 2:23-cv-00126

4869-9508-2558, v. 1

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

       **(b)**   the occasional or part-time self-employed **business** pursuits of any **insured** who is under 23 years of age.

**l.**   sustained by any person as a result of an offense directly or indirectly related to the employment of this person by any **insured**, except domestic employees in the course of their duties related to the maintenance of the **residence premises**.

**n.**   arising out of any act or omission of any **insured** as an officer or member of the board of directors of any corporation or organization. However, this exclusion **(5.n.)** does not apply if the corporation or organization is not-for-profit and the **insured** receives no compensation or allowance other than reimbursement of expenses.

## IV. ACTUAL AND JUSTICIABLE CONTROVERSIES

**A. The Homeowners Policy**

4.1    There is an actual and justiciable controversy as to whether the claims in the Lawsuit allege damages because of "bodily injury" or "property damage" as defined by the policy.

4.2    There is an actual and justiciable controversy as to whether the claims in the Lawsuit allege damages because of "bodily injury" or "property damage" caused by an "occurrence" as defined by the policy.

4.3    There is an actual and justiciable controversy as to whether Personal Liability Exclusion 1.a. applies to the claims alleged in the Lawsuit.

4.4    There is an actual and justiciable controversy as to whether Personal Liability Exclusion 1.c. applies to the claims alleged in the Lawsuit.

4.5    There is an actual and justiciable controversy as to whether Personal Liability Exclusion 2.a.(2) applies to the claims alleged in the Lawsuit.

COMPLAINT FOR DECLARATORY JUDGMENT – 11
USDC WD WA/SEA CAUSE NO. 2:23-cv-00126

4869-9508-2558, v. 1

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/Fax (206) 624-3585

4.6    There is an actual and justiciable controversy as to whether Personal Liability Exclusion 2.d. applies to the claims alleged in the Lawsuit.

4.7    There is an actual and justiciable controversy as to whether the claims in the Lawsuit allege damages because of "personal offense" as defined in the Personal Offense coverage.

4.8    There is an actual and justiciable controversy as to whether Personal Offense Exclusion a. applies to the claims alleged in the Lawsuit.

4.9    There is an actual and justiciable controversy as to whether Personal Offense Exclusion f. applies to the claims alleged in the Lawsuit.

4.10    There is an actual and justiciable controversy as to whether Personal Offense Exclusion g. applies to the claims alleged in the Lawsuit.

**B.  The Personal Umbrella Policy**

4.11    There is an actual and justiciable controversy as to whether the claims in the Lawsuit allege damages because of "bodily injury," "personal injury" or "property damage" as defined by the policy.

4.12    There is an actual and justiciable controversy as to whether the claims in the Lawsuit allege damages because of "bodily injury," "personal injury" or "property damage" caused by an "occurrence" as defined by the policy.

4.13    There is an actual and justiciable controversy as to whether Exclusion 2.a. applies to the claims alleged in the Lawsuit.

4.14    There is an actual and justiciable controversy as to whether Exclusion 3. applies to the claims alleged in the Lawsuit.

COMPLAINT FOR DECLARATORY JUDGMENT – 12
USDC WD WA/SEA CAUSE NO. 2:23-cv-00126

4869-9508-2558, v. 1

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/Fax (206) 624-3585

4.15    There is an actual and justiciable controversy as to whether Exclusion 5.b. applies to the claims alleged in the Lawsuit.

4.16    There is an actual and justiciable controversy as to whether Exclusion 5.l. applies to the claims alleged in the Lawsuit.

4.17    There is an actual and justiciable controversy as to whether Exclusion 5.n. applies to the claims alleged in the Lawsuit.

## V. CLAIM FOR DECLARATORY JUDGMENT

5.1    Safeco incorporates by reference and re-alleges the allegations contained in the preceding paragraphs.

5.2    Safeco seeks a judicial declaration of rights and duties under the Homeowners Policy and Personal Umbrella Policy pursuant to 28 U.S.C. §§ 2201 and 2202.

5.3    Safeco is entitled to a declaratory judgment in its favor, namely that it has no duty to defend or indemnify Edward Im or Sarah Im for the claims alleged against them in the Lawsuit.

## VI. REQUEST FOR RELIEF

WHEREFORE, Safeco Insurance Company of America, having specifically alleged the foregoing, requests the following relief:

1.    For a determination of the rights and duties of the parties hereto under the insurance policies;

2.    For a declaration that Safeco does not owe a duty to defend or indemnify Edward and Sarah Im for all claims alleged against them in the Lawsuit;

3.    For a declaration that Safeco is permitted to withdraw from the defense of Edward and Sarah Im for all claims alleged against them in the Lawsuit;

COMPLAINT FOR DECLARATORY JUDGMENT – 13
USDC WD WA/SEA CAUSE NO. 2:23-cv-00126

4869-9508-2558, v. 1

4.      For attorney's fees and costs incurred in this lawsuit as allowed by applicable law; and

5.      For other and further relief as the Court deems just and equitable.

DATED this 27 day of January, 2023.

SOHA & LANG, P.S.


By:   *s/Paul Rosner*
    Paul Rosner, WSBA # 37146
    Email address rosner@sohalang.com

    *s/Cristin Cavanaugh*
    Cristin Cavanaugh, WSBA # 53251
    Email address cavanaugh@sohalang.com
    1325 Fourth Avenue, Suite 2000
    Seattle, WA  98101-2570
    Telephone:  206-624-1800
    Facsimile:   206-624-3585
    Attorneys for Plaintiff

# EXHIBIT A

1
2
3
4
5
6
7
8

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING (SEA)**

9

LAURA TORRES, an individual,

10
                                        Plaintiff,

11
        v.

12
Im, Ghorbanian & Kahlon DDS PLLC
d/b/a Sunrise Dental of North Bend,
13
a Washington corporation,

14
                                        Defendant.
15

Case No.:

**SUMMONS** (20 DAYS)

16

17          **TO THE DEFENDANT**:

18  A lawsuit has been started against you in the above-entitled court by LAURA TORRES, Plaintiff.

19  Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this

20  summons.

21          To defend against this lawsuit, you **must respond** to the complaint by stating your

22  defense in writing, and by serving a copy upon the person signing this summons **within 20 days**

23  after the service of this summons, excluding the day of service; or a default judgment may be

24  entered against you without notice. A default judgment is one where plaintiff is entitled to what he

25  asks for because you have not responded. If you serve a notice of appearance on the undersigned

26  person, you are entitled to notice before a default judgment may be entered.

SUMMONS - 1

1    You may demand that the plaintiff file this lawsuit with the court. If you do so, the

2 demand must be in writing and must be served upon the person signing this summons. Within 14

3 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service

4 on you of this summons and complaint will be void.

5    If you wish to seek the advice of an attorney in this matter, you should do so promptly

6 so that your written response, if any, may be served on time.

7    This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State

8 of Washington.

9

10 DATED this 20th day of June, 2022.

11

12

13    /s/ Vera P. Fomina

14    _____

15    Vera P. Fomina, WSBA #49388
      Damien N. Villarreal, WSBA #50708
      Kaitlyn M. Gould, WSBA #58622

16

17    *Attorneys for Plaintiff*

18

19

20

21

22

23

24

25

26

SUMMONS - 2                                      **Skidmore | Fomina**, PLLC
                                                 14205 SE 36th St. Suite 100
                                                 Seattle, WA 98154
                                                 Telephone: (206) 495-8585

1
2
3
4
5
6
7
8

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING (SEA)**

9   LAURA TORRES, an individual,

10                          Plaintiff,                    **Case No.**

11        v.

12   Im Ghorbanian & Kahlon, DDS, PLLC        **COMPLAINT FOR DAMAGES**
13   d/b/a Sunrise Dental of North Bend,
     a Washington corporation, Sarah Im, in her
14   individual and corporate capacity and the
     marital community thereof, and Dr. Edward
15   Im, in his individual and corporate capacity
     and the marital community thereof,
16
17                          Defendants.

18

19        Plaintiff Laura Torres ("Torres" or "Plaintiff"), by and through her undersigned attorneys

20   of record, Vera P. Fomina, Damien N. Villarreal, and Kaitlyn M. Gould of Skidmore | Fomina,

21   PLLC, alleges as follows:

22                            I.    **PARTIES**

23        1.1   Plaintiff is a citizen of the United States and an individual residing in King County,

24   Washington.

25        1.2   Plaintiff is a former employee of Im Ghorbanian & Kahlon, DDS, PLLC d/b/a

26   Sunrise Dental of North Bend ("Defendant" or "Sunrise Dental").

COMPLAINT FOR DAMAGES - 1

1.3    Defendant Sunrise Dental is and was, at all times material hereto, a company incorporated, registered, and licensed to conduct business in the State of Washington with its principal place of business in King County, Washington.

1.4    On information and belief, Defendant Sunrise Dental is a citizen of the United States who was an employer as defined in RCW 49.60.040(11).

1.5    On information and belief, Defendant Sarah Im is a citizen of the United States who was an employer as defined in RCW 49.60.040(11).

1.6    On information and belief, Defendant Dr. Edward Im is a citizen of the United States who was an employer as defined in RCW 49.60.040(11).

1.7    Defendants are each jointly and severally liable for the alleged unlawful actions and resulting damages and remedies sought herein.

## II.    JURISDICTION AND VENUE

2.1    This Court has jurisdiction over the parties and this matter under RCW 2.08.010.

2.2    Venue is appropriate in King County under RCW 4.12.020.

## III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

3.1    Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") against Defendants (#551-2021-03863) for discrimination under Title VII of the Civil Rights act of 1964 ("Title VII") and the Americans with Disabilities Act. The EEOC issued a right to sue letter on April 21, 2022.

## IV.    FACTUAL ALLEGATIONS

4.1    Plaintiff was hired by Defendants on September 16, 2018 as an Office Manager.

4.2    Plaintiff reported to Doctor Edward Im and his wife Sarah Im.

4.3    In September 2020, Plaintiff tested positive for COVID-19 and was instructed to stay home until she would receive test results. While on this unpaid leave of absence, Plaintiff was required to call patients and reschedule their appointments.

COMPLAINT FOR DAMAGES - 2

SKIDMORE | FOMINA, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA 98006
Telephone: (425) 519-3656

4.4    On September 15, 2020, Plaintiff emailed Sarah Im and asked to be paid for her time spent in mandatory training and the time she worked remotely while being diagnosed with COVID-19.

4.5    Sarah Im denied this request for compensation.

4.6    As a result of the denial, Plaintiff called Washington State Department of Labor & Industries and the Employment Security Department regarding the issue, who said she was entitled to wages for the time she spent in mandatory training and working remotely.

4.7    On September 28, 2020, Plaintiff informed Defendant Sarah Im that she was entitled to pay for time spent in mandatory training.

4.8    Defendants responded by paying back wages to all their employees.

4.9    After making this inquiry and discussing it with her supervisors, Plaintiff noticed a change in behavior towards her on the part of Sunrise Dental.

4.10    Prior to her complaints, Plaintiff did not receive any comments or concerns regarding her work but now she was getting frequently micromanaged and critiqued.

4.11    After her complaints, Sarah Im's tone became very short. She would not answer Torres's questions and Torres felt ignored by Sarah Im. Prior to her complaints Plaintiff felt as though her and employer were friends – now she felt as though Defendants were against her.

4.12    Plaintiff would often come across Sarah Im going through her notes, going through her desk, and nitpicking the Plaintiff. None of this happened in the two years prior to Plaintiff's wage complaint.

4.13    Defendants would also have other employees monitor the Plaintiff by following her to the bathroom, looking over her shoulder, and following her around the office.

4.14    On November 12, 2020, Plaintiff informed Sarah Im that she was pregnant, and the pregnancy was considered "high-risk."

4.15    Plaintiff often had to remind both Sarah Im and Dr. Im of her high-risk pregnancy when they would ask her to carry boxes or overexert herself.

COMPLAINT FOR DAMAGES - 3

SKIDMORE | FOMINA, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA 98006
Telephone: (425) 519-3656

4.16  Dr. Im stated, "you can't use that excuse forever."

4.17  On November 16, 2020, while attending her regular maternity checkup, Plaintiff discovered that her insurance benefits had been terminated.

4.18  As a result, Plaintiff incurred substantial unplanned expenses because she had to pay the extensive costs of pregnancy out of pocket.

4.19  Plaintiff called her employer about the loss of her insurance, and Sarah Im responded by stating that the Defendants failed to notify its employees about the fact their benefits had been terminated.

4.20  No COBRA coverage was provided to Plaintiff, and she continued to incur unplanned out of pocket expenses due to the sudden termination of her insurance benefits.

4.21  After Plaintiff repeatedly asked about this insurance coverage lapse, Sarah Im informed Plaintiff that the new insurance would not become affective until January 2021.

4.22  On January 8, 2021, Sarah Im asked Plaintiff when she was going to be leaving on maternity leave.

4.23  Because Plaintiff had a high-risk pregnancy, she responded that she would be starting her leave on May 20, 2021 and would return to work 90 days after her delivery date.

4.24  However, on January 21, 2021, Plaintiff experienced a premature delivery.

4.25  She immediately texted Sarah Im to let her know she was unable to work that Saturday, January 23, 2021.

4.26  Plaintiff texted this on the advice of her provider, who informed her she would need at least two to three days to deliver the baby.

4.27  On January 23, 2021, Plaintiff informed Sarah Im that the baby did not survive.

4.28  Plaintiff let her employer know that she would need at least two weeks to recover and plan the baby's funeral.

COMPLAINT FOR DAMAGES - 4

SKIDMORE | FOMINA, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA  98006
Telephone: (425) 519-3656

4.29 On February 2, 2021, Plaintiff contacted Sarah Im and asked about the number of paid sick leave hours that were available to Plaintiff and to add the sick leave to her payroll due February 5, 2021.

4.30 Sarah Im responded by providing Plaintiff with the number of sick leave hours Plaintiff had accumulated.

4.31 On February 3, 2021, Plaintiff informed Sarah Im that her provider had recommended she take six weeks off work to heal and to handle the emotional and physical impacts that came with early delivery and the loss of her child.

4.32 Plaintiff informed Sarah Im that she planned to return to work on March 4, 2021, and that Sarah Im would be receiving paperwork from the Employment Security Department regarding Washington State's Paid Family Leave.

4.33 Three weeks later, while still on the approved medical leave of absence, Plaintiff contacted Sarah Im to inform her she would be returning to work on March 6, 2021.

4.34 On February 25, 2021, Sarah Im responded by stating she wanted to meet to discuss the "North Bend Office."

4.35 At the meeting on March 4, 2021, Sarah Im informed Plaintiff that she was not pleased with her performance at the North Bend office, and she presented Plaintiff with a list of alleged performance issues.

4.36 Prior to this, Plaintiff had never received any such performance-related complaints.

4.37 These alleged performance issues included miscalculation of insurance payments, arriving late, absences, and overall attitude problems.

4.38 Regarding the payment issues, the information was a result of a random audit Defendants had chosen to make after Plaintiff requested her time off in January 2021.

4.39 Citing these alleged performance issues, Defendants terminated Plaintiff's employment.

COMPLAINT FOR DAMAGES - 5

SKIDMORE | FOMINA, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA  98006
Telephone: (425) 519-3656

4.40 Sarah Im mentioned she had spoken with Dr. Im and they both had made the decision to let her go due to "job performance".

4.41 After her termination, Plaintiff received a letter from Kaiser Permanente informing her that her insurance coverage had been canceled on March 1, 2021, which was three days prior to her termination.

4.42 Plaintiff received no COBRA coverage documentation. Thus, Plaintiff incurred additional unplanned medical expenses and has been left without insurance.

4.43 As a result of Defendants' unlawful actions, Plaintiff has suffered significant economic and non-economic damages in an amount to be proven at trial.

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Gender Discrimination – RCW 49.60, *et seq.* and 42 U.S.C. § 2000e *et seq.***
**Against All Defendants**

5.1  Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

5.2  Plaintiff belongs to a protected class within the meaning of RCW 49.60 – female.

5.3  Further, Title VII prohibits an employer from discriminating against an individual on the basis of sex, including pregnancy related discrimination.

5.4  Defendants discriminated against Plaintiff by terminating her due to her post-pregnancy absence. Plaintiff had no control over the nature of her pregnancy and childbirth.

5.5  Plaintiff was not given the opportunity to properly recover after her pregnancy and unfortunate loss of her child.

5.6  On March 4, 2021, Plaintiff was terminated for cause as a result of her post-pregnancy absence.

5.7  Termination was an adverse employment action based on Plaintiff's request to recover from her traumatic pregnancy experience.

COMPLAINT FOR DAMAGES - 6

Skidmore | Fomina, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA 98006
Telephone: (425) 519-3656

5.8    As a result of Defendants' discriminatory adverse action, Plaintiff has suffered significant economic and non-economic damages in an amount to be proven at trial.

5.9    Plaintiff is entitled to damages and liquidated damages.

## SECOND CAUSE OF ACTION
### Disability Discrimination – RCW 49.60, *et seq.*, and 42 USC § 1201 *et seq.*
### Against All Defendants

5.10    Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

5.11    Plaintiff was disabled within the meaning of RCW 49.60 or perceived to be disabled and Defendants had notice of Plaintiff's disability.

5.12    Plaintiff was disabled within the meaning of the ADAA and Defendants had notice of Plaintiff's disability.

5.13    Plaintiff had a pregnancy that was "high-risk" which substantially limited major life activities and the normal bodily functions.

5.14    Plaintiff was able to perform the essential functions of her job.

5.15    Plaintiff's disability or perceived disability was a substantial factor in Defendants' decision to terminate her employment.

5.16    As a result of Defendants' discriminatory adverse action, Plaintiff has suffered significant economic and non-economic damages in an amount to be proven at trial including an irreparable damage to her career in the community.

## THIRD CAUSE OF ACTION
### Failure to Accommodate –RCW 49.60, et seq. and 42 USC § 1201 *et seq.*
### Against All Defendants

5.17    Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

COMPLAINT FOR DAMAGES - 7

SKIDMORE | FOMINA, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA  98006
Telephone: (425) 519-3656

5.18  Plaintiff was disabled within the meaning of RCW 49.60 or perceived to be disabled that had substantially limited her ability to perform her job.

5.19  Plaintiff was disabled within the meaning of the ADAA and Defendants had notice of Plaintiff's disability.

5.20  Plaintiff was qualified to perform the essential functions of her job.

5.21  Defendants had notice of Plaintiff's disability and failed to engage in the interactive process to find Plaintiff a reasonable accommodation and instead terminated her employment.

5.22  Defendants failed to affirmatively adopt available measures that were medically necessary to accommodate her disability.

5.23  Plaintiff's request to take weeks off work because of the emotionally and physically traumatizing experience of early labor and loss of her child was recommended by her provider.

5.24  Plaintiff identified an appropriate accommodation that was reasonable on its face and followed Defendants' own procedures for requesting the accommodation. The accommodation would not have caused Defendant an undue hardship.

5.25  Defendants terminated Plaintiff as opposed to further accommodating her disability and physical and emotional ailments.

5.26  As a result of Defendants' discriminatory adverse action, Plaintiff has suffered significant economic and non-economic damages in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
**Retaliation – RCW 49.58.040, and 29 U.S.C. § 215 (a)(3).**
**Against All Defendants**

5.27  Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

COMPLAINT FOR DAMAGES - 8

SKIDMORE | FOMINA, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA 98006
Telephone: (425) 519-3656

5.28  RCW 49.58.040 prohibits an employer from discharging or retaliating against an employee for "inquiring about, disclosing, comparing, or otherwise discussing the employee's wages."

5.29  The Fair Labor Standards Act ("FLSA") further prohibits an employer from discharging or retaliating against an employee for complaining about wages either through formal or informal complaint.

5.30  Plaintiff made an informal complaint to both the Washington Department of Labor and Industries and the Employment Securities Department regarding her wages.

5.31  Plaintiff was treated differently after exercising her legal right to inquire about her wages.

5.32  Plaintiff was terminated by Defendants as retaliation for her complaints about Defendants' failure to properly pay her.

5.33  As a result of Defendants' violation, Plaintiff has been damaged in an amount to be proven at trial.

5.34  Plaintiff was required to retain legal assistance to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

### FIFTH CAUSE OF ACTION
**Retaliation – RCW 49.60.210(1), 42 USC § 1201 *et seq.*, and 42 U.S.C. § 2000e-3(a)**
**Against All Defendants**

5.35  Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

5.36  Plaintiff requested accommodation based on her disability and requested disability accommodation in the form of time-off work to care for herself post pregnancy loss.

5.37  Plaintiff reasonably believed requesting accommodations was protected conduct.

COMPLAINT FOR DAMAGES - 9

SKIDMORE | FOMINA, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA 98006
Telephone: (425) 519-3656

5.38  Plaintiff's requests for accommodation were a substantial factor in the decision to terminate Plaintiff's employment.

5.39  Further, Plaintiff engaged in protected activity regarding her gender by requesting time off as a result of her failed pregnancy, and the physical and emotional damage that ensued.

5.40  Title VII prohibits employers from retaliating against employees for engaging in protected activity.

5.41  Defendants retaliated against Plaintiff for requesting time off relating to her pregnancy by terminating Plaintiff under the pretext of poor performance.

5.42  As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged in an amount to be proven at trial.

**SIXTH CAUSE OF ACTION**
**Wrongful Termination in Violation of Public Policy**
**Against All Defendants**

5.43  Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

5.44  There is a clear and strong public policy in Washington State evidenced in both Washington statutes, federal statutes, and common law against retaliating against employees who complain about employer misconduct including discrimination, issues with wage and hourly, and requests for proper insurance coverage or accommodation.

5.45  Plaintiff's complaints of lack of insurance, improper pay, and requests for accommodation and gender related time off played a primary role in Defendants' decision to terminate plaintiff's employment.

**VI.    PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays judgment in his favor and for relief as follows:

COMPLAINT FOR DAMAGES - 10

SKIDMORE | FOMINA, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA 98006
Telephone: (425) 519-3656

6.1    Economic damages for back pay, front pay, lost benefits, and medical expenses in an amount to be proven at trial;

6.2    Damages for actual compensatory, consequential, and incidental damages as alleged herein or as proven at trial;

6.3    Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation;

6.4    Compensation for any tax penalty associated with a recovery;

6.5    Reasonable attorneys' fees and costs pursuant to RCW 49.60.030(2), and as otherwise allowed by any other statute or claim alleged herein, along with reasonable expert witness fees and other fees and costs incurred in prosecuting this action in an amount to be proven at trial.

6.6    Pre-judgment interest on all amounts awarded as allowed by law;

6.7    Post judgment interest; and

6.8    Any other relief this Court shall deem just and equitable.

DATED: June 20, 2022.

*/s/ Vera Fomina*

_____
Vera P. Fomina, WSBA #49388
Damien Villareal, WSBA #50708
Kaitlyn M. Gould, WSBA #58622
*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES - 11

EXHIBIT B





Safeco Insurance Company of America
P.O. Box 5014
Scranton, PA 18505-5014

CONTACT US

Amber.Lambirth@LibertyMutual.com

Direct:    4253764905
Fax:       888-268-8840

**Safeco Insurance Company of America**
P.O. Box 5014
Scranton, PA 18505-5014
800-225-2467

Safeco.com

EDWARD IM
15803 UPLANDS WAY SE
NORTH BEND, WA 98045-9504

November 23, 2022

| | |
|---|---|
| Claim Number: | 050146441-01 |
| Date of Incident: | 09/15/2020 |
| Insured(s): | EDWARD IM, SARAH IM |
| Plaintiff: | Laura Torres |
| Persons Seeking Coverage: | Edward Im and Sarah Im |
| Policy Number: | OH1993784 |
| Underwriting Company: | Safeco Insurance Company of America |
| Lawsuit Caption: | *Laura Torres v. Im Ghorbanian & Kahlon, DDS, PLLC d/b/a Sunrise Dental of North Bend, Sarah Im, and Dr. Edward Im* |
| Court: | King County Superior Court |

Dear  Dr. Im and Mrs. Im

We have received your tender of defense of the claims alleged in *Laura Torres v. Im Ghorbanian & Kahlon, DDS, PLLC d/b/a Sunrise Dental of North Bend, Sarah Im, and Dr. Edward Im,* King County Superior Court Cause No. 22-2-09318-8SEA ("Lawsuit"). I am writing to inform you that Safeco Insurance Company of America ("we" or "Safeco") will provide a defense to you under your Safeco Homeowners policy for the claims alleged against you in the Lawsuit under a full reservation of rights as outlined in this letter.

**Although we will provide a reservation of rights defense to you in this matter, we believe, as detailed below, that there are significant coverage issues that preclude coverage under your policies for the Lawsuit.  Accordingly, we intend to file a lawsuit for declaratory relief asking the court to rule that your policies provide no coverage for any of the claims alleged against you in the Lawsuit and asking the court to rule that we have no duty to defend you in the Lawsuit. If you have any questions concerning the coverage position set forth herein, or further information for Safeco to consider, please reach out.**

Safeco Insurance™

A Liberty Mutual Company

As to the Lawsuit, we fully and completely reserve our rights under the Policy and at law to disclaim insurance coverage, in whole or in part, at a later date as warranted. Please be advised that indemnification may not be available for the relief sought in the Lawsuit. In addition, we reserve the right to amend and supplement this letter. The basis for our coverage position and reservation of rights is described below.

### I. The Lawsuit

This section summarizes the allegations as we understand them. By describing the allegations, we do not mean to state or imply that they are true or correct.

The Complaint in the Lawsuit alleges the following pertinent facts:

- Plaintiff Laura Torres is a former employee of Defendant Im Ghorbanian & Kahlon, DDS, PLLC d/b/a Sunrise Dental of North Bend ("Sunrise Dental") ¶ 1.2;

- Dr. Im and Mrs. Im were both employers as defined in RCW 49.60.040(11) ¶ 1.5-1.6;

- Ms. Torres was hired to work as an office manager, and she reported to Dr. and Mrs. Im. ¶ 4.2-4.3;

- In September 2020, Ms. Torres tested positive for COVID-19 and was told to stay home until she received test results. While on this unpaid leave of absence, she was required to call patients and reschedule their appointments ¶ 4.3;

- Ms. Torres requested to be paid for her time spent in mandatory training and working remotely while being diagnosed with COVID-19 ¶ 4.4;

- After her request was denied, Ms. Torres contacted the Department of Labor and Industries and the Employment Security Division and was told she was entitled to be paid for time spent in mandatory training and working remotely ¶ 4.5-4.6;

- After Ms. Torres informed Mrs. Im that she was entitled to be paid, back wages were paid to all employees ¶ 4.7-4.8;

- After she complained about the pay, Sunrise Dental personnel began to act more negatively toward her ¶ 4.9-4.13;

- On November 12, 2020, Ms. Torres informed Sarah Im she was pregnant and that the pregnancy was considered "high risk" ¶ 4.14

- Ms. Torres had to remind Dr. and Sarah Im about her high-risk pregnancy when she was asked to carry boxes or exert herself. Dr. Im told her that she couldn't use that excuse forever ¶ 4.15-4.16;

- On November 16, 2020, Ms. Torres discovered that her health insurance benefits had been terminated. Defendants had failed to tell their employees about the termination. No COBRA coverage was provided, and Ms. Torres had to incur out of pocket expenses for her maternity care. Sarah Im said that the new insurance would not become available until January 2021. ¶ 4.18-4.21;

- On January 8, 2021, in response to a question from Sarah Im, Ms. Torres told Sarah Im that she would be taking 90 days maternity leave beginning May 20, 2021 ¶ 4.22-4.23;

- On January 21, 2021, Ms. Torres experienced a premature delivery. She texted Sarah Im to let her know she was unable to work ¶ 4.24-4.25;

- On January 23, 2021, Ms. Torres informed Sarah Im that the baby had not survived and that she would need at least two weeks to recover and plan the baby's funeral. ¶ 4.17-4.28;

- On February 3, 2021, Ms. Torres informed Sarah Im that her provider had recommended she take six weeks off work to heal and recover, telling her she would be returning to work on March 6, 2001 and that she would be sending paperwork regarding Washington State's Paid Family Leave ¶4.31-4.32;

- While still on her approved leave, Ms. Torres contacted Sarah Im and told her she would be returning to work on March 6, 2021. ¶ 4.33;

- On February 25, 2021, Sarah Im responded by saying she wanted to meet to discuss the North Bend Office ¶ 4.34;

**Safeco Insurance**™
A Liberty Mutual Company

- At the meeting on March 4, 2021, Sarah Im raised for the first time a number of criticisms of Ms. Torres' job performance and terminated her employment. She said that the decision had been made jointly between herself and Dr. Im ¶ 4.35-4.40;
- Ms. Torres received a letter from Kaiser Permanente stating that her insurance coverage had been canceled three days before her employment had been terminated. No COBRA documentation was provided to her, and she continued to incur additional unplanned medical expenses ¶ 4.41-42; and
- As a result of Defendants actions, Ms. Torres suffered significant economic and non-economic damages ¶ 4.43.

The Complaint alleges the following causes of action:

- Gender discrimination in violation of RCW 49.60 *et seq.* and 42 U.S.C. § 2000e *et seq.;*
- Disability discrimination in violation of RCW 49.60 *et seq.* and 42 U.S.C. § 1201 *et seq.;*
- Failure to Accommodate in violation of RCW 49.60 *et seq.* and 42 U.S.C. § 1201 *et seq.;*
- Retaliation in violation of RCW 49.58.040 and 29 U.S.C. § 215(a)(3);
- Retaliation in violation of RCW 49.60.210(1). 42 U.S.C. § 1201 *et seq.* and 42 U.S.C. § 2000e-3(a); and
- Wrongful Termination in Violation of Public Policy.

The Prayer for Relief requests the following:

- Economic damages for back pay, front pay, lost benefits, and medical expenses;
- Damages for actual compensatory, consequential and incidental damages;
- Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress and humiliation;
- Compensation for any tax penalty associated with a recovery;
- Reasonable costs and fees, including a reasonable attorneys fee;
- Pre- and post-judgment interest; and
- Any other relief that the Court deems just and equitable.

## II. The Insurance Policies

Safeco Insurance of America ("Safeco") issued Homeowners Policy number OH1993784 to Edward and Sarah Im, in effect from January 3, 2020 to January 3, 2021 and January 3, 2021 to January 3, 2022.  The policy includes Personal Liability coverage with limits of $500,000 per occurrence. The policy also includes Personal Offense Coverage Endorsement HOM-7350/EP 11/14 with aggregate limits of $500,000.

Safeco also issued Personal Umbrella Policy number UH1810002 in effect from January 4, 2020 to January 4, 2021 and January 4, 2021 to January 4, 2022, with limits of $2,000,000 per occurrence and an aggregate limit of $2,000,000.

## III. Coverage Position and Reservation of Rights

### A.    Homeowners Policy

#### 1.    Insuring Agreement

The Liability Coverages are found in Section II of the policy. The insuring agreement for the Personal Liability coverage states:

**LIABILITY LOSSES WE COVER**
**COVERAGE E — PERSONAL LIABILITY**

**Safeco Insurance**™
A Liberty Mutual Company

If a claim is made or a suit is brought against any insured for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies, we will:

**1.**     pay up to our limit of liability for the damages for which the insured is legally liable; and

**2.**     provide a defense at our expense by counsel of our choice even if the allegations are groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the **occurrence** equals our limit of liability.

The policy includes the following relevant definitions:

**b.**     "**Bodily injury**" means bodily harm, sickness or disease, including required care, loss of services and death resulting therefrom.

\* \* \*

**i.**     "**Occurrence**" means an accident, including exposure to conditions which results in:

**(1)**     **bodily injury**; or

**(2)**     **property damage**;

during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one **occurrence**.

\* \* \*

**l.**     "**Property damage**" means physical damage to or destruction of tangible property, including loss of use of this property.

In order to be covered under the Homeowners policy, Ms. Torres' claims must be for damages because of "bodily injury" or "property damage" caused by an "occurrence."

**a.     Bodily Injury or Property Damage**

The Complaint does not appear to allege "bodily injury" or "property damage" as these terms are defined. We reserve the right to deny coverage for any damages that are not caused by "bodily injury" or "property damage" as defined in the Homeowners policy.

**b.     Occurrence**

The insuring agreement also requires that any alleged "bodily injury" or "property damage" be caused by an "occurrence." The definition of "occurrence" requires an "accident." The policy does not define "accident." In general, a deliberate act is not an "accident" unless some additional unexpected, independent and unforeseen event occurs that brings about the injury or damage. Also, a person acts "deliberately" when they are aware of the implications or consequences of their actions.

For example, Ms. Torres' termination of employment is not an "occurrence" as defined in the policy. It appears to be a deliberate act done with the understanding that she would no longer be employed by Sunrise Dental.

We reserve the right to deny coverage for any damage because of "bodily injury" or "property damage" that is not caused by an "occurrence."

Safeco Insurance™
A Liberty Mutual Company

### 2.    Exclusions

Even if a claim falls within the insuring agreement, it may not be covered under the policy if it falls within an exclusion. This section will address exclusions that may be relevant to Ms. Torres' claims.

### a.    Exclusion 1.a.

Exclusion 1.a states:

**LIABILITY LOSSES WE DO NOT COVER**

**1.**    Coverage E — Personal Liability and Coverage F — Medical Payments to Others do not apply to bodily injury or property damage:

**a.**    which is expected or intended by any insured or which is the foreseeable result of an act or omission intended by any insured;

This exclusion applies even if:

**(1)**    such bodily injury or property damage is of a different kind or degree than expected or intended; or

**(2)**    such bodily injury or property damage is sustained by a different person, or persons, than expected or intended.

This exclusion does not apply to bodily injury resulting from the use of reasonable force by any insured to protect persons or property.

This exclusion is subject to an exception for bodily injury resulting from the use of reasonable force by any insured to protect persons or property.  However, the Lawsuit does not allege or involve use of force. Accordingly, the exception to this exclusion does not apply.  We reserve the right to limit or preclude coverage to the extent exclusion the Lawsuit alleges or involves intentional acts subject to this exclusion.

### b.    Exclusion 1.c.

Exclusion 1.c. states that the coverage does not apply to "bodily injury" or "property damage":

**c.**    arising out of ***business*** pursuits of any insured.

This exclusion does not apply to:

**(1)**    activities which are ordinarily incident to non-***business*** pursuits;

**(2)**    the occasional or part-time ***business*** pursuits of any ***insured*** who is under 23 years of age;

**(3)**    the rental or holding for rental of an insured location:

**(a)**    on an occasional basis for the exclusive use as a residence;

**(b)**    in part, unless intended for use as a residence by more than two roomers or boarders; or

**(c)**    in part, as an office, school, studio or private garage;

The policy defines "business" as:

**c.**    ***"Business"*** means a trade, profession or occupation engaged in on a full-time, part-time or occasional basis, or any other activity, including civic or public, engaged in for money or other compensation, except for the following:

**Safeco Insurance** ™
A Liberty Mutual Company

**(1)**    One or more activities, not described in (2) below, for which no insured receives more than $3,000 in total compensation for the 12 months before the beginning of the policy period; and

**(2)**    volunteer activities for which no money or other compensation is received other than for expenses incurred to perform the activity.

This exception is subject to two exceptions.  It does not apply if no insured receives more than $3,000 in total compensation for the 12 months before the beginning of the policy period or to volunteer activities for which you receive no compensation (except for expenses).  However, neither of these exceptions appear to apply. Since the Complaint alleges that Ms. Torres was an employee of Sunrise Dental and that she reported to Dr. and Mrs. Im, this exclusion may apply to preclude coverage.  We reserve all rights accordingly.

   **e.**  **Exclusion 2.a.(2)**

Exclusion 2.a.(2) states that Personal Liability coverage does not apply to liability:

**(2)**    under any contract or agreement. However, this does not apply to written contracts:

   **(a)**    that directly relate to the ownership, maintenance or use of an insured location; or

   **(b)**    where the liability of others is assumed by the insured prior to an occurrence; unless excluded in 2.a.(1) above or elsewhere in this policy;

The Complaint does not specifically mention a contact or agreement. Because agreements or contracts are not uncommon in employment arrangements, we reserve the right to limit or deny coverage to the extent that this exclusion applies.

   **f.**  **Exclusion 2.d.**

Exclusion 2.d. states that coverage does not apply to:

**(d)**    ***bodily injury*** to any person eligible to receive any benefits required to be provided or voluntarily provided by any ***insured*** under:

   **(1)**    any workers compensation;

   **(2)**    non-occupational disability; or

   **(3)**    occupational disease law;

The Complaint does not allege sufficient information to determine whether Ms. Torres was eligible to receive any of the listed benefits. Accordingly, we reserve the right to deny coverage for any damages because of "bodily injury" or "property damage" that fall within this exclusion.

   **3.**  **Personal Offense Coverage Endorsement**

   **a.**  **Insuring Agreement**

The Homeowners Policy includes an endorsement that adds Personal Offense Coverage to the policy. The insuring agreement states:

   **SECTION II — LIABILITY COVERAGES**
   **LIABILITY LOSSES WE COVER**
   **COVERAGE E — PERSONAL LIABILITY**



The following is added:

***Personal Offense* Coverage**

If a claim is made or suit is brought against an **insured** for damages resulting from an offense defined under **personal offense** and to which this coverage applies, we will:

**1.** pay up to the **annual aggregate limit** for damages for which an **insured** is legally liable; and

**2.** provide a defense at our expense by counsel of our choice, even if the allegations are groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our **annual aggregate limit** has been exhausted by payment of judgments or settlements.

The endorsement defines "personal offense" as:

> To the extent coverage is provided by this endorsement, the following are added to item **3.**
>
> "**Personal offense**" means injury arising out of one or more of the following offenses:
>
> **(1)** false arrest, detention or imprisonment;
>
> **(2)** malicious prosecution;
>
> **(3)** wrongful eviction or wrongful entry;
>
> **(4)** oral or written publication, in any manner, of material that slanders, libels or defames the character of a person, which occurs in any manner; or
>
> **(5)** invasion of privacy, which occurs in any manner.

To come within the insuring agreement of the Personal Offense Coverage, the Complaint must allege at least one of the offenses listed in the definition of "personal offense" or an equivalent of those offenses. The Complaint does not appear to allege any of the defined offenses or any offense equivalent to a defined offense. Accordingly, we reserve the right to deny coverage under the Personal Offense Coverage for any damages that do not fall within its insuring agreement.

**b.     Exclusions**

Even if the allegations of the Complaint did fall within the insuring agreement of the Personal Offense Coverage, several exclusions potentially apply.

**(1)     Exclusion a.**

Exclusion a. states that coverage does not apply to "personal offense":

> **a.** caused by or at the direction of an insured with the knowledge that the act would violate the rights of another and would be a personal offense;

The allegations of the Complaint are not sufficient to determine your knowledge with respect to whether your acts would violate Ms. Torres' rights or constitute a "personal offense." Because the exclusion potentially applies, we reserve the right to deny coverage for any damages because of "personal injury" that fall within this exclusion.

**(2)     Exclusion f.**

Exclusion f. states that coverage does not apply to "personal offense":

**Safeco Insurance**™
A Liberty Mutual Company

**f.**    sustained by any person as a result of an offense directly or indirectly related to the employment of this person by an insured;

The exclusion appears to apply to all damages alleged by Ms. Torres. The Complaint alleges that you both were "employers" under relevant Washington law. All of the causes of action alleged by Ms. Torres are based on her status as an employee: gender discrimination, disability discrimination, failure to accommodate, retaliation, and wrongful termination. Accordingly, we reserve the right to deny coverage for any damages caused by a "personal offense" that falls within this exclusion.

**(3)    Exclusion g.**

Exclusion g. states that coverage does not apply to "personal offense":

**g.**    arising out of or in connection with a ***business*** conducted by an ***insured***;

This exclusion does not apply to:

**(1)**    the rental or holding for rental of an ***insured location***;

    **(a)**    on an occasional basis for the exclusive use only as a residence;

    **(b)**    in part, unless intended as a residence by more than two roomers or boarders; or

    **(c)**    in part, as an office, school, studio or private garage; and

**(2)**    the occasional or part-time ***business*** pursuits of any ***insured*** who is under 23 years of age;

As with the similar exclusion under the Personal Liability Coverage, we reserve the right to deny coverage for any damages caused by a "personal offense" that fall within this exclusion.

**B.    Personal Umbrella Policies**

Because we are defending you under the Personal Liability Coverage of your Homeowners policies, we are not obligated to defend under the Personal Umbrella policies. The insuring agreement of your Personal Umbrella policies states:

**1.    Insuring Agreement**

We agree to provide the insurance described in this policy in return for the payment of all premiums and subject to the terms, conditions and limitations of this policy. The limit of our liability and the premiums are shown in the Declarations, which is a part of this policy.

\* \* \*

**PERSONAL LIABILITY**

We will pay the **ultimate net loss** in excess of the retained limit that the **insured** is legally responsible for because of covered **bodily injury, personal injury** or **property damage** caused by an **occurrence**.

**DEFENSE COVERAGE**

When a claim covered by this policy is made against any **insured**, and such claim is not covered by the **insured's underlying insurance** stated in the Declarations or by any other **underlying insurance** available to the **insured**, we will, subject to the **retained limits**, defend any suit against any **insured** even if it is groundless or fraudulent. And we will investigate, negotiate and settle on behalf of the any claim or suit as we deem appropriate.

**Safeco Insurance**™
A Liberty Mutual Company

The Personal Umbrella policies include the following pertinent definitions:

3.  **"Bodily injury"** means bodily harm, sickness or disease including resulting required care, loss of services and death.

\* \* \*

9.  **"Occurrence"** means:

a.  an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the coverage period in:

   (1) **bodily injury;** or

   (2) **property damage.**

b.  an offense, committed during the coverage period, which results in **personal injury.**

10. **"Personal injury"** means injury arising out of one or more of the following offenses:

a.  false arrest, detention or imprisonment, or malicious prosecution;

b.  libel, slander or defamation of character; or

c.  invasion of privacy, wrongful eviction or wrongful entry.

\* \* \*

13. **"Property damage"** means physical injury or destruction of tangible property including loss of its use.

\* \* \*

16. **"Retained Limit"** means either:

a.  the limit of liability specified in the Schedule of Underlying Insurance of the Declarations for each underlying policy, plus the limit of any other underlying insurance collectible by the **insured;** or

b.  the amount shown under **retained limit** in the Declarations, as the result of an **occurrence** not covered by underlying policies of insurance.

17. **"Underlying insurance"** means insurance policies providing the **insured** with primary liability coverage meeting or exceeding the required minimum limits. The types of policies and the required minimum liability limits are listed in the policy Declarations.

18. a.  **"Ultimate net loss"** means the amount paid or payable in settlement of the loss for which any **insured** is held liable by:

   (1) court judgment; or

   (2) compromise involving our written consent.

   All recoveries and collected will be deducted from this amount.

b.  **"Ultimate net loss"** does not include:

   (1) legal expenses (such as attorney's fees and court costs);

   (2) salaries of employees; or



Safeco Insurance™

A Liberty Mutual Company

**(3)**  office expenses incurred by any insured, us, or any underlying carrier.

As discussed above with regard to coverage under your Homeowners policy, some or all of the claims alleged in the Complaint may not allege damages because of "bodily injury," "personal injury" or "property damage." Accordingly, we reserve the right to deny coverage for any damages that are not because of "bodily injury," "personal injury" or "property damage" as defined in the Personal Umbrella policies.

Also, as discussed above with regard to coverage under your Homeowners policy, some or all of the claims alleged in the Complaint may not allege damages because of "bodily injury," "personal injury" or "property damage" caused by an "occurrence." Accordingly, we reserve the right to deny coverage for any damages that are not because of "bodily injury," "personal injury" or "property damage" caused by an "occurrence" as defined in the Personal Umbrella policies.

**2.**  **Exclusions**

**a.**  **Exclusion 2.a.**

Exclusion 2.a states that the policy does not apply to:

**2.**  **personal injury:**

**a.**  caused by or at the direction of an **insured** with the knowledge that the act would violate the rights of another and would inflict **personal injury**.

For the reasons stated with respect to exclusion a. of the Personal Offense Coverage in the Homeowners policy, we reserve the right to deny coverage for any damages caused by "personal injury" that would fall within this exclusion.

**b.**  **Exclusion 3.**

Exclusion 3. states that the policy does not apply to:

**3.**  **bodily injury** or **property damage** arising out of any act or damage which is expected or intended by any **insured**, or which is the foreseeable result of an act or omission intended by any **insured**, which causes **bodily injury** or **property damage**.

This exclusion applies even if:

**a.**  such bodily injury or property damage is of a different kind or degree than expected or intended;

**b.**  such bodily injury or property damage is sustained by a different person, persons or property than expected or intended

This exclusion does not apply to bodily injury resulting from a reasonable action by any insured in preventing or eliminating danger in the operation of vehicles or aircraft or protecting persons or property.

For the reasons stated with respect to exclusion 1.a in the Personal Liability Coverage of your Homeowners policies, we reserve the right to deny coverage for any damages caused by "bodily injury" or "property damage" that fall within this exclusion.

**Safeco Insurance**™
A Liberty Mutual Company

**c.    Exclusion 5.b.**

Exclusion 5.b. states that the policy does not apply to:

> **5.    bodily injury, personal injury or property damage:**
>
> * * *
>
> **b.    arising out of:**
>
> **(1)    any business pursuits or business property of any insured,** except for:
>
> **(a)    the business** use of a private passenger automobile or owned watercraft, unless used as a public or livery conveyance.
>
> **(b)    the occasional or part-time self-employed business** pursuits of any **insured** who is under 23 years of age.

The policies define "business" as:

> **4.    "Business"** means:
>
> **(a)    a trade, profession or occupation engaged in on a full-time, part-time or occasional basis; or**
>
> **(b)    any other activity engaged in for money or other compensation other than reimbursement for expenses incurred to perform the activity.**

For the reasons stated regarding exclusions 1.c in the Personal Liability coverage and g. in the Personal Offense coverage of your Homeowners policies, we reserve the right to deny coverage for any damages caused by "bodily injury," "property damage" or "personal injury" that fall within this exclusion.

**d.    Exclusion 5.l.**

Exclusion 5.l. states that the policy does not apply to "bodily injury, "property damage," or "personal injury":

> **l.    sustained by any person as a result of an offense directly or indirectly related to the employment of this person by any insured,** except domestic employees in the course of their duties related to the maintenance of the **residence premises**.

For the reasons discussed with regard to exclusion f. of the Personal Offense Coverage under your Homeowners policy, we reserve the right to deny coverage for any damages caused by "bodily injury," "property damage" or "personal injury" that fall within this exclusion.

**e.    Exclusion 5.n**

Exclusion 5.n states that the policy does not apply to "bodily injury, "property damage," or "personal injury":

> **n.    arising out of any act or omission of any insured** as an officer or member of the board of directors of any corporation or organization. However, this exclusion **(5.n.)** does not apply if the corporation or organization is not-for-profit and the **insured** receives no compensation or allowance other than reimbursement of expenses.

The Complaint includes as a defendant "Im, Ghorbanian & Kahlon DDS PLLC d/b/a Sunrise Dental of North Bend." The caption states that you are parties both in your individual and corporate capacities but does not allege what your corporate capacity is. Because the Complaint alleges that you are liable in your corporate capacities, it is possible that this exclusion will apply. Accordingly, we reserve the right to deny coverage



for any damages caused by "bodily injury," "property damage" or "personal injury" that fall within this exclusion.

### IV. ADDITIONAL RESERVATIONS

Please be advised that, subject to the foregoing reservation of rights, we have retained Michael Sanders of Mix Sanders Thompson LLC to defend you in this suit. Mr. Sanders will represent your interest in defending the Lawsuit. In addition, you have the right to retain your own personal counsel at your expense to advise you on the defense and coverage issues.

Please be further advised that our provision of defense in this Lawsuit is subject to a reservation of our right to deny coverage (including any obligation to indemnify) for any settlement or judgment paid or incurred as a result of this Lawsuit, as well as our right to contest the existence of coverage in a declaratory judgment action. Among other things, to the extent permitted by applicable law, we reserve the right to withdraw from the defense provided in the event it is determined that we have no obligation to defend in this Lawsuit.

Please note that we will not pay for defense fees or costs relating to any insurance coverage action or advice, or any fees and costs incurred relative to any claim you may file in this Lawsuit.

Our participation in the defense of the Lawsuit does not waive or change the Policy terms, nor does it waive our right to dispute issues of coverage as set forth herein or require us to make any settlement offers or satisfy any judgments on your behalf for claims not covered by the Policy.

If notice to other potentially applicable insurers has not been provided already, we also request that notice of this Lawsuit be provided to every insurer whose coverage is potentially implicated. With respect to each such insurer, please provide us with the insurer name; the name, address and telephone number of a contact person; and the policy periods and limits of liability of all policies it issued. We also request that you provide us with copies of your letters notifying each such insurer of this Lawsuit, and of any and all written responses.

While we have sought to identify and address above all relevant insurance coverage considerations, the foregoing specificity is not intended and should not be construed as a waiver or estoppel of any right or basis which we may have to disclaim coverage under the Policy or applicable law, and we reserve all rights in this regard.

Further, if there is a judgment in excess of the applicable and available Policy limit, there is no coverage for the excess amount. In order to protect your interests, you may want to consult an attorney, of your own choosing and at your own expense, to advise you on any potential exposure in excess of your applicable and available Policy limits. If you have other insurance available, you should immediately notify those insurance companies of this Lawsuit. If you do not have additional insurance, and a judgment is rendered in excess of the applicable and available limits of the Policy, then you would be responsible for the excess amount.

This reservation of rights letter is based on facts and information currently known. We reserve the right to raise additional coverage issues as appropriate upon further investigation and discovery. If you have any facts or other information that you believe may impact our coverage position, we request that you bring such information or pleadings to my immediate attention, so that we may evaluate same and assess whether such information or pleading impacts our coverage position or obligations. Finally, if you receive an amended Lawsuit, please provide us with a copy for our review.

If you have any questions or concerns about the issues discussed in this letter, please feel free to give me a call.



Sincerely,
AMBER LAMBIRTH
Claims Department


If you have questions or concerns about the actions of your insurance company or agent, or would like information on your rights to file an appeal, contact the Washington state Office of the Insurance Commissioner's consumer protection hotline at 1-800-562-6900 or visit www.insurance.wa.gov. The insurance commissioner protects and educates insurance consumers, advances the public interest, and provides fair and efficient regulation of the insurance industry.


CC: Mix, Sanders, Thompson



**Special Mailing Instruction Form**
Signature Name: AMBER LAMBIRTH
Submitter's Office: [OFFICEGROUPNAME]
Submitter's Email: Amber.Lambirth@LibertyMutual.com
Claim Number: LH000-050146441-01
**Mailing Options:**
Certified- Return Receipt
**Special Instructions:**